

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD ESCALANTE,<br><br>Defendant. | Case No.  CR 26-114-SVW<br><br>ORDER OF DETENTION |

## I.

On March 5, 2026, Defendant Edward Escalante made his initial appearance on the Indictment filed in this matter.  Anton Vialtsin, a member of the Indigent Defense Panel, was appointed to represent Defendant.  The government was

represented by Assistant United States Attorney Daniel Weiner. A detention hearing was held.

☒    On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒    On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation prepared by U.S. Probation and Pretrial Services.

2

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

⊠ background information is partially verified – no verification regarding residence, employment or financial information

⊠ criminal history includes parole violations

As to danger to the community:

⊠ allegations in the indictment include racketeer influenced corrupt organizations conspiracy, conspiracy to interfere and attempted interference with commerce by extortion, and distribution of methamphetamine, and defendant's role in the alleged conspiracy is that of enforcer for the lead defendant (and shot caller of the gang) responsible for collecting extortionate taxes on behalf of the gang.[1]

⊠ Criminal History includes felony convictions for robbery and drug related offenses for which bench warrants were issued for parole violations.

⊠ alleged gang membership

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of

---

[1] The Court does not find that the relatively small amounts listed in the substantive extortion counts diminish the seriousness and attendant dangerousness of the conspiracy allegations. Defendant's argument to the contrary is rejected.

3

a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  [18 U.S.C. § 3142(i)]

Dated: March 5, 2026

                                          /s/ _____
                                             ALKA SAGAR
                              UNITED STATES MAGISTRATE JUDGE